**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YADER ALBERTO ESPINALES; ALICIA DEL CARMEN ESPINALES-FLORES; YELBA DEL CARMEN FLORES-NUNEZ, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-339 <br><br> Agency Nos. <br> A215-899-939 <br> A215-899-941 <br> A215-899-940 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2023[**]
San Francisco, California

Before: SILER, NGUYEN, and R. NELSON, Circuit Judges.[***]

Yader Alberto Espinales, his common-law wife, and his daughter, petition for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Eugene E. Siler, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

review of an order of the Board of Immigration Appeals ("BIA") and the Immigration Judge ("IJ") (collectively "the agency") denying their petitions for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We review the agency's factual findings under the substantial evidence standard and its legal conclusions de novo. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). We deny the petitions for review.

1. First, the agency's decision to deny the petitions for asylum and withholding of removal is supported by substantial evidence because Espinales failed to show persecution in Nicaragua. [1] To establish eligibility for asylum, Espinales must show that he is a "refugee" within the meaning of the statute. 8 U.S.C. § 1158(b)(1)(A). This means that he must prove that he was persecuted—or reasonably fears persecution—on *account of* his "race, religion, nationality, membership in a particular social group, or political opinion." *Id.* § 1101(a)(42). Espinales must show "[p]articularized individual persecution, not merely conditions of discrimination in the country of origin," *Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995), and that his political opinions are "a reason" that he is "more likely than not" to be persecuted upon his return. 8 C.F.R. § 1208.16(b)(2).

---

[1] Petitioner argues that this court should summarily remand because the BIA did not review the IJ's credibility determination. But the BIA upheld the IJ's decision on alternate grounds, and "agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). Remand is not required.

Espinales claims that he was persecuted in Nicaragua because of his participation in several protests against President Ortega's plans to tax worker pensions. But the agency found no persecution, noting that he had never suffered any harm at the hands of the government and his suspicions that he was on a government list of protestors and was being followed by the police were founded in speculation and hearsay. Espinales was never harmed by police during the four or five protests that he participated in, even though others were harmed. He lost his job because of economic troubles resulting from the protests, not because of his political beliefs or police violence. Even after he lost his job, he remained in Nicaragua for almost three months before leaving for the United States, despite appearing publicly in news photographs of the protests. The fact that he remained in the country undisturbed for three months when his identity and participation in the protests was known further undercuts his testimony that he was persecuted by the Sandinista government.

Espinales's claim that he is on a government list of protestors and was followed by an undercover police officer does not justify his fear of future persecution. His only ground for this suspicion is that "he was told by his mother, who allegedly heard from a neighbor, who allegedly was told by a police officer, that the [he] is on a government list." Similarly, his belief that police followed him home from work every day was based solely on a friend's statement. He was never arrested

3                                                                    22-339

nor harmed by the alleged officer, never noticed the officer, and never had any dealings with him.

As the BIA noted, "the Immigration Judge was not required to accept this multi-layered hearsay as persuasive evidence on its own that such a government watch list exists and that the respondent is, in fact, on this alleged list." And Espinales is wrong that that he does not have to show individualized harm against himself because there exists a pattern or practice of persecution against similarly situated individuals. *See* 8 C.F.R. § 1208.13(b)(2)(iii). He failed to argue this issue before the BIA, and it is therefore not properly before this court. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004) ("It is a well-known axiom of administrative law that if a petitioner wishes to preserve an issue for appeal, he must first raise it in the proper administrative forum.") (quotations omitted).

Finally, his claim that he reasonably fears future persecution because three of his friends were arrested and tortured also fails. Not only is it unsupported by any evidence, but the timeline of events laid out at the removal hearing makes it impossible for him to have learned this information, if true.

2. Espinales also claims that his petition for CAT protection should be granted because he fears that President Ortega's Sandinista Party will torture him when he returns. To be eligible for protection under CAT, he must show that it is "more likely than not" that he will be tortured upon return to Nicaragua. 8 C.F.R. § 1208.16(c)(2).

4

Torture is defined as the imposition of severe pain or suffering for the purpose of punishment and inflicted by an official or someone acting in an official capacity. *Id.* § 1208.18(a)(1).

Substantial evidence supports the agency's decision denying CAT protection for all the same reasons it denied his asylum and withholding claims. As the BIA noted, Espinales was never harmed by the Nicaraguan government, and his fear of future harm is based on speculation and conjecture. Generalized evidence that "Nicaraguan government officials commit violence and extrajudicial killings" is insufficient to bear the burden of proof. Therefore, the CAT claim must fail as well.

The petitions for review are DENIED.[2]

---

[2] The petitions of Espinales's wife and daughter are derivative of Espinales's. Therefore, because Espinales's petition fails, so too do theirs.